# 𝔖taunton

RUTHERFOORD FLEET V. CRIPPLED CHILDREN'S HOSPITAL,
ET ALS.

September 20, 1934.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory and
Chinn, JJ.

The opinion states the case.

*Christian & Lamb* and *Leake & Buford,* for the appellant.

*Williams & Mullen, Ralph T. Catterall, R. Carter Scott, Jr., Page & Leary* and *John B. Lightfoot, Jr.,* for the appellees.

CHINN, J., delivered the opinion of the court.

This is an appeal from the decree construing the testamentary writings of Mrs. Sallie F. Forrest, deceased, which is reviewed in the opinion this day handed down in the case of *Domestic and Foreign Missionary Society* v. *Crippled Children's Hospital, et al., ante,* page 114, 176 S. E. 193, wherein said testamentary writings are fully set forth.

In his petition for appeal appellant complains of the decree entered by the court below upon the following grounds:

(1) The court erred in holding that the two codicils of May 17, 1928, bequeathed from decedent's residuary estate $20,000 to the Domestic and Foreign Missionary Society; $20,000 to the Trustees of the Diocesan Missionary Society of Virginia; and the sum of $5,000 to be equally divided between the Crippled Children's Hospital, the Home for Incurables and the Sheltering Arms Hospital, in the city of Richmond.

(2) The court erred in allowing interest upon the legacies established by the court in said decree.

(3) "The court erred in directing a distribution of the decedent's estate by transfer of property at a value determined by the executors by appraisement at time of transfer, thereby violating the requirements of clause second of the will of said decedent under which all legacies were required to be paid, so far as practicable, in property of the decedent and at the valuations placed thereon by the appraisers of the decedent's estate."

As will be seen by reference to the opinion above referred to, all the questions presented by the first and second assignments of error above noted are fully consid-

ered and decided in that opinion, which is hereby adhered to and adopted to that extent for the purposes of the instant case. Only the question raised by the third assignment of error, therefore, remains to be considered.

It is true that clause two of the will provides that the legacies mentioned therein shall be paid, "so far as it is practicable," in property belonging to the estate, and that the valuation placed upon the property by the appraisers of decedent's estate "shall be the values used as a basis for making distribution to the various legatees." It is manifest, however, that it was the purpose of the testatrix that each of her legatees should receive the amount specified in the will either in money or in property equal in value to the amount of their respective legacies. It would, therefore, violate this definite purpose of the testatrix and also be inequitable to require any of the legatees now to accept payment of their respective legacies in property, either real or personal, according to the appraised value of the same at the time of the death of the testatrix, since it appears from the record that the values then placed upon her real and personal estate are not now the same. To strictly carry out the second clause of the will, as contended for by the appellant, would, therefore, result in defeating the dominant purpose in the mind of the testatrix that each of her several legatees should receive a definite amount from her estate.

We are therefore of opinion that the decree of the lower court was right with respect to the several matters herein complained of, and that it should be affirmed.

*Affirmed.*

EPES and HUDGINS, JJ., dissenting.